# CASES

## ARGUED AND DETERMINED

### IN THE

# COURT OF APPEALS

### OF

# MARYLAND.

---

COURT OF APPEALS, (E. S.) JUNE TERM, 1810.     1810.

## WHEATLEY vs. WALLIS.     JUNE (E. S.)

APPEAL from the General Court. *Wheatley* brought an action on the case in *Kent* county court, against *Wallis*, for *slanderous words* spoken by the latter of the former. The words, as stated in the declaration, were these—"You," (meaning the said *Wheatley*,) "stole forty bushels of wheat and forty bushels of corn of me," (meaning *Wallis*). The general issue was pleaded; and at the trial in March 1802, the defendant moved the court to direct the jury, that if they should be of opinion, that the words charged in the declaration were spoken in relation to property in the possession of the plaintiff, as overseer of the defendant, on wages, that then they must find a verdict for the defendant, as no felony could be committed, by the plaintiff, of goods so circumstanced. But the county court, (*Tilghman*, Ch. J.) directed the jury, that an overseer on wages may be guilty of felony of wheat and corn entrusted to him, as such, by his employer, and consequently, that a charge of stealing such goods was actionable. The defendant excepted; and the verdict and judgment being against him, he appealed to the general court, where the judgment was *reversed* at September term 1804, and the appellee appealed to this court.

*In an action of slander by an overseer against his employer, the words charged were, that the overseer had stolen wheat and corn of the employer. Held, that an overseer on wages may be guilty of felony of his employer entrusted ed to him, as overseer, and that a charge of stealing such goods is actionable.*

1810.

Horsey
vs
The State.

The cause was argued before BUCHANAN, NICHOLSON, GANTT, and EARLE, J. by

*Martin,* for the Appellant, and by
*Barroll* and *Chambers,* for the Appellee.

THIS COURT *reversed* the judgment of the General Court, and *affirmed* that of the County Court.

JUDGMENT OF REVERSAL REVERSED.

JUNE (E. S.)                    HORSEY vs. THE STATE.

A special court of oyer and terminer and gaol delivery, acting under a commission from the governor, has all the powers and jurisdiction which can be exercised by the county court. in criminal cases.

Certain objections, made in arrest of judgment on a verdict of guilty in the above case, overruled, viz. Variances between the names of the grand and petit jurors who found the indictment and verdict, and those returned on the *venire* —As to the manner of issuing the *venire* to summon the jury—the committing the prisoner without his being brought into court. by a *capias* —the not issuing a *capias*—there being no presentment found; and it not appearing that the jurors were freeholders.

WRIT OF ERROR to the justices of a *special court* of Oyer and Terminer and Gaol Delivery for *Worcester* county, to remove the proceedings on a judgment in a criminal prosecution, against the plaintiff in error, for *murder.* The verdict in the court below was guilty, and the prisoner, by his counsel, moved the court in arrest of judgment, and assigned the following reasons: 1. Previous to the adoption of the constitution of this state, all the criminal jurisdiction of the province was vested in, and exercised by, the provincial and county courts. That instrument recognized the county courts, and established a court called The General Court, to which the powers and jurisdiction, exercised by the late provincial court, were transferred. By that instrument an executive power was provided for the state, consisting of a governor and council. The governor is expressly prohibited from the exercise of any prerogative by virtue of any law, statute, or custom of *England.* The issuing of commissions of Oyer and Terminer in *England,* is an exercise of the royal prerogative, inherent in the King by the common law. By the constitution of this state, the powers to be exercised by the governor and council are expressly prescribed; and it is provided and enjoined, that all judges and justices should thereafter be appointed by the governor, by and with the advice and consent of the council. The persons named in a commission of Oyer and Terminer, &c. and authorised thereby to hear and determine criminal charges in any particular place, when acting by virtue thereof, are in the exercise of high and important judicial powers, and are known to the law as justices. The act of assembly, passed at *November* session 1807, *ch.* 1, by virtue of which the commission, under which this court has